UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: PETITION OF NEPTUNE | : | |
| VENTURES, LLC, AS THE OWNER | : | 08cv1230 (WWE) |
| OF A 2001 47 FOOT SEALINE | : | |
| MOTOR VESSEL FOR EXONERATION: | | |
| FROM OR LIMITATION OF LIABILITY, | : | |
| | : | |
| Petitioner. | | |

## ORDER

This is an action for exoneration of limitation of liability pursuant to federal admiralty law by petitioner Neptune Ventures, LLC, that owns a 2001 47 Foot Sealine Motor Vessel. Petitioner has brought a partial motion for summary judgment relevant to the claims presented by claimants Robert Levin and Richard Lennon, who assert that they are owed damages stemming from the loss of enjoyment and use of their private pleasure boats as result of damage from a fire that occurred on May 16, 2008. The claimants have failed to file any response to this motion.

When a non-moving party fails to respond to a motion for summary judgment, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law ." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

Pursuant to federal admiralty law, the loss of the use of a private pleasure boat pending repairs does not represent compensable damage without a proof of lost profits. Central State Transit & Leasing Corp. v. Jones Boat Yard, Inc., 206 F.3d 1373, 1376 (11th

Cir. 2000). Accordingly, the motion for partial summary judgment (Doc. #35) is GRANTED in favor of Neptune Ventures, LLC.

 Dated this _14__th day of January, 2010.


        _____/s/_____
        Warren W. Eginton
        Senior United States District Judge